E-FILED
Monday, 13 April, 2026  01:42:17 PM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

|  |  |  |
|---|---|---|
| DAVID BROCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 25-cv-3174 |
| | ) | |
| JON HALL, CHERYL CARLSON, | ) | |
| DAVID MITCHELL, EDWARD | ) | |
| ESCAMILLA, AND LATOYA | ) | |
| HUGHES, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on Defendants Jon Hall's, Cheryl Carlson's, David Mitchell's, Edward Escamilla's, and Latoya Hughes' ("Defendants") Memorandum of Law in Support of Motion to Dismiss (d/e 9). Plaintiff David Brock's ("Plaintiff") Complaint (d/e 1) does not state a claim upon which relief can be granted, so Defendants' Motion (d/e 9) is GRANTED.

### I. BACKGROUND

The following facts are alleged in Plaintiff's Complaint (d/e 1) and are accepted as true at the motion to dismiss stage. Bible v.

United Student Aid Funds, Inc., 799 F.3d 633, 639 (7th Cir. 2015).

At the times relevant to the Complaint, Plaintiff was a Correctional Lieutenant employed by the Illinois Department of Corrections ("IDOC") working at its Pinckneyville Correctional Center ("Pinkneyville"). See d/e 1, p. 2, ¶ 3. At all times relevant to this complaint, Defendants were employed by IDOC: Defendant Jon Hall as an administrative assistant who also served as a hearing officer, Defendant Cheryl Carlson as an administrative assistant who also served as a management representative, Defendant David Mitchell as the Pinkneyville Warden, Defendant Edward Escamilla as IDOC Chief of Investigations and Intelligence, and Defendant Latoya Hughes as Acting IDOC Director. Id. at ¶¶ 4-8.

On June 15, 2023, Plaintiff was involved in an incident in which he ultimately deployed pepper spray on an inmate. Id. at p. 3, ¶ 10. IDOC maintains a policy outlining when security staff are lawfully allowed to use force in their employment capacity, which is set forth at 20 Ill. Admin. Code 501.10 et seq. Id. at p. 3, ¶ 9. Plaintiff alleges that he complied with IDOC's policy on resort to force and chemical agent usage at all times during the June 15, 2023 incident and that the IDOC administration acknowledged and

understood that he had. Id. at p. 3, ¶ 11.

Plaintiff alleges that, nonetheless, Defendants all determined that Plaintiff needed to be heavily disciplined for utilizing pepper spray—contrary to IDOC's written policies. Id. at p. 3, ¶ 12. Plaintiff alleges that, because Defendants Hughes and Escamilla have thought throughout their IDOC tenure that force should never be used against inmates, Defendants Hughes and Escamilla "have continually insisted that employees be seriously disciplined and discharged for actions that fully comply with [I]DOC's written policies." Id. at p. 3, ¶ 13.

On November 22, 2023, Defendant Hall oversaw an employee review board hearing regarding Plaintiff "as a result of the directives of" Defendants Mitchell, Escamilla, and Hughes, though Plaintiff does not allege the contents of those directives or the location of the hearing. Id. at p. 4, ¶ 14. Plaintiff alleges that the Defendants knew at that time that Plaintiff complied with the use of force policies and that he reasonably relied upon those policies. Id.

At the employee review board hearing, Defendant Carlson pushed for Plaintiff's termination. Id. Defendant Hall recommended that Plaintiff be terminated from his employment. Id. at p. 4, ¶ 15.

Defendant Hall's recommendation was forwarded to Defendant Mitchell, who concurred, and also recommended that Plaintiff be terminated from his employment. Id. at p. 4, ¶ 16.

On January 10, 2024, Plaintiff was notified of his termination effective that day. Id. at p. 4, ¶ 17; see also id. at p. 2, ¶ 3.

On June 13, 2025, Plaintiff filed a one-Count Complaint against Defendants in this Court. See d/e 1. Plaintiff alleges that Defendants did not apply IDOC's applicable use of force rules to him and instead applied "different unspoken and unwritten arbitrary rules" to him, such that IDOC's use of force rules as applied to Plaintiff provided no notice or warning that his June 15, 2023 actions involving pepper spray were improper. Id. at p. 4, ¶ 19. Plaintiff alleges that the rules as applied to him were therefore unconstitutionally vague under the Fourteenth Amendment. Id. at p. 4, ¶¶ 19-20.

Plaintiff alleges that all Defendants played a role in disciplining him and knew that his actions complied with IDOC's policies. Id. at p. 5, ¶ 21. Plaintiff sues all five Defendants in their individual capacities, and Defendants Mitchell, Escamilla, and Hughes additionally in their official capacities for the limited

purpose of obtaining equitable relief. Id. at p. 2, ¶¶ 4-8.

Plaintiff alleges that, as a result of Defendants violating his Fourteenth Amendment rights, he sustained damages including lost wages, emotional distress, and lost opportunities for promotion. Id. at p. 5, ¶ 22. Under 42 U.S.C. § 1983, Plaintiff seeks damages as to all Defendants and also seeks equitable relief of IDOC expunging his disciplinary record of any reference to his IDOC policy violations and reinstating him to the position he would have held absent IDOC's violation of his rights. Id. at p. 1, ¶ 1; p. 5, ¶ 23.

On September 15, 2025, Defendants filed a Memorandum of Law in Support of Motion to Dismiss (d/9). On October 13, 2025, Plaintiff filed a Response to Defendants' Motion to Dismiss (d/e 13).

Notably, Plaintiff's Response alleges that the policy IDOC applied to him "effectively provides that any use of force [Defendants] are personally uncomfortable with against an inmate subjects an employee to discipline." d/e 13, p. 1. Plaintiff alleges that Defendants "created a new unwritten policy—a policy that was neither promulgated nor distributed—and held him to those higher standards," such that the newly created policy that Defendants "relied upon in disciplining him" was "vague." Id. at pp. 2-3.

## II.    JURISDICTION

This Court has subject matter jurisdiction over Plaintiff's claims arising under the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983, which is a federal statute. See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

Venue is proper because the Defendants are or were employed by IDOC, which is headquartered in Springfield, Illinois in the Central District of Illinois, and because Plaintiff alleges that many of the decisions underlying Plaintiff's claims were made in Sangamon County, Illinois in the Central District of Illinois. See 28 U.S.C. § 1391(b), see also d/e 1, p. 1, ¶ 2.

## III.   LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the complaint's sufficiency. Christensen v. Cnty. of Boone, 483 F.3d 454, 458 (7th Cir. 2007). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" that puts the defendant on notice of the allegations. Fed. R. Civ. P. 8(a)(2), see also Higgs v. Carver, 286 F.3d

437, 439 (7th Cir. 2002). The Court accepts all well-pled facts alleged and draws all possible inferences in the plaintiff's favor. Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008).

The complaint must put forth plausible grounds to demonstrate a claim for relief—namely, the "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plausible claim is one from which the court can draw reasonable inferences that the defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Additionally, the complaint must raise a reasonable expectation that discovery will reveal evidence of liability. Twombly, 550 U.S. at 556. A complaint merely reciting a cause of action or conclusory legal statements is insufficient. Iqbal, 556 U.S. at 678.

A policy "is impermissibly vague if it 'fails to provide a person of ordinary intelligence fair notice of what is prohibited.'" Brown v. Chicago Bd. of Educ., 824 F.3d 713, 716–17 (7th Cir. 2016) (quoting FCC v. Fox Television Stations, Inc., 567 U.S. 239, 253 (2012)). However, "the government acting in the role of employer enjoys much more latitude in crafting reasonable work regulations

for its employees" compared to the standard for government regulations for the public. Greer v. Amesqua, 212 F.3d 358, 369 (7th Cir. 2000) (internal citations omitted). "[A]n employee code of conduct need not be as clear as a criminal law." Brown, 824 F.3d at 717.

"[W]here the plaintiff alleges a pattern or a series of incidents of unconstitutional conduct, then the courts have found an allegation of policy sufficient to withstand a dismissal motion." Powe v. City of Chicago, 664 F.2d 639, 650 (7th Cir. 1981).

## IV.    ANALYSIS

Defendants' Memorandum of Law in Support of Motion to Dismiss argues that "Plaintiff has alleged without any basis in fact that IDOC has taken the view that force should never be used against inmates." d/e 9, p. 3. Defendants further argue that "Plaintiff was in fact on notice of what standard[] his conduct was required to conform to[,] as the phrase 'last resort' clearly means that force may be used only when no other means are available or effective," such that "[t]he rules are not vague and IDOC's discipline of the Plaintiff for violating their clearly stated rules does not violate

the Plaintiff's rights under the Fourteenth Amendment." Id. at pp. 3-4.

Illinois Administrative Code Section 501.20 defines "force" to mean "physical contact used to coerce or prevent some action on the part of a committed person, and the use of chemical agents." 20 Ill. Admin. Code 501.20 (1984). Pursuant to Illinois Administrative Code Section 501.30, titled "Resort to Force," "Force shall be employed only as a last resort or when other means are unavailable or inadequate, and only to the degree reasonably necessary to achieve a permitted purpose." 20 Ill. Admin. Code 501.30 (1984).

As a threshold matter, the Court finds that Illinois Administrative Code Sections 501.20 and 501.30 are not unconstitutionally vague. Section 501.20 explicitly includes use of a chemical agent, which pepper spray indisputably is, in defining "force." Section 501.30 authorizes force only as the last or only available option and to the extent necessary. Therefore, Plaintiff had "fair notice [it] is prohibited" for him to use pepper spray outside of specific circumstances. Brown v. Chicago Bd. of Educ., 824 F.3d 713, 716–17 (7th Cir. 2016).

However, Plaintiff alleges that IDOC applied, not its "applicable use of force rules," but instead "different unspoken and unwritten arbitrary rules," to Plaintiff such that the use of force rules, as "applied to [Plaintiff], are unconstitutionally vague" because the rules "provided no notice or warning that any of his actions on June 15, 2023, were improper." d/e 1, p. 4, ¶ 19.

To allege that IDOC applied "a pattern or a series of incidents of unconstitutional conduct [as] an allegation of policy," see Powe v. City of Chicago, 664 F.2d 639, 650 (7th Cir. 1981), Plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007).

Plaintiff's Response alleges that the policy IDOC applied to him "effectively provides that any use of force [Defendants] are personally uncomfortable with against an inmate subjects an employee to discipline." d/e 13, p. 1. Plaintiff alleges that IDOC "created a new unwritten policy—a policy that was neither promulgated nor distributed—and held him to those higher standards," such that the newly created policy IDOC "relied upon in disciplining him" was "vague." Id. at pp. 2-3.

Plaintiff's assertion resembles that in <u>Nolan v. Wilks</u>, No. 22-CV-3264, 2024 WL 6861681 (C.D. Ill. Jan. 24, 2024), in which the plaintiff, Nolan, alleged an "unspoken, unwritten arbitrary rule[]" that "employees who use force against an inmate should be seriously disciplined and discharged, due to [IDOC leadership's] view that force should never be used against inmates." <u>Id.</u> at *3. Notably, the district court found that Nolan "alleged several pieces of evidence that supports the existence" of such a rule:

> First, he alleged that the employee review board hearing management <u>stated</u> that "Lt. Nolan was 100% justified for the use of force." But despite that statement, it was recommended that Nolan be suspended for seven-days for his administration of pepper spray. In support of his claim, Nolan included information that the Illinois Fraternal Order of Police Lodge 263 has <u>described</u> the rules governing prisoner actions as being "watered down" under the leadership of Jeffreys and Lindsay and that similar applications of the purported unwritten policy <u>have occurred</u> in at least two other instances.

<u>Id.</u> at *3 (emphasis added).

The Court finds that, unlike in <u>Nolan</u>, Plaintiff alleges no such evidence that supports the existence of an IDOC policy "that any use of force [Defendants] are personally uncomfortable with against an inmate subjects an employee to discipline." <u>See</u> d/e 13, p. 1.

Page **11** of **14**

Plaintiff alleges, without stating how, that the Defendants "determined…that [Plaintiff] needed to be heavily disciplined for utilizing pepper spray." d/e 1, p. 3, ¶ 12. Plaintiff alleges that Defendants Hughes and Escamilla, "[t]hroughout their tenure at [I]DOC," "have taken the view that force should never be used against inmates" and that, "[a]s a result of their view," Defendants Hughes and Escamilla "have continually insisted that employees be seriously disciplined and discharged for actions that fully comply with [I]DOC's written policies." Id. at p. 3, ¶ 13.

However, Plaintiff's Complaint does not allege that any employees, including Plaintiff, were seriously disciplined or discharged at Defendants Hughes' and Escamilla's insistence stemming from their alleged view that force should never be used against inmates or for use of force that any or all Defendants were personally uncomfortable with against an inmate.

Plaintiff alleges that the employee review board hearing on his use of pepper spray occurred "as a result of Defendants Mitchell's, Escamilla's, and Hughes' directives." Id. at p. 4, ¶ 14. But Plaintiff also alleges that Defendant Carlson pushed for Plaintiff's termination at the hearing, Defendant Hall oversaw the hearing and

recommended that Plaintiff be terminated, and Defendant Mitchell concurred with Defendant Hall and recommended that Plaintiff be terminated. Id. at p. 4, ¶¶ 14-16. Plaintiff notably does not allege that any Defendant recommended his termination, or that he was ultimately terminated, because of his "use of force [that Defendants were] personally uncomfortable with against an inmate." See d/e 13, p. 1.

In sum, Plaintiff's factual allegations of a pattern or a series of incidents of unconstitutional conduct constituting an IDOC policy "that any use of force [Defendants] are personally uncomfortable with against an inmate subjects an employee to discipline," d/e 13, p. 1, or "that force should never be used against inmates," d/e 1, p. 3, ¶ 13, are not "enough to raise a right to relief above the speculative level[.]" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007), see also Powe v. City of Chicago, 664 F.2d 639, 650 (7th Cir. 1981). Therefore, Defendants' Memorandum of Law in Support of Motion to Dismiss (d/e 9) is GRANTED.

## V.    CONCLUSION

For the reasons stated, Defendants' Memorandum of Law in Support of Motion to Dismiss (d/e 9) is GRANTED. The Court notes

that while Defendants' Motion (d/e 9) only requests dismissal by Defendants Carlson, Hughes and Escamilla, see d/e 9 at pp. 1, 5, Plaintiff's Complaint (d/e 1) is DISMISSED as to all Defendants without prejudice with leave to re-file an amended complaint within 30 days of entry of this Order.

**ENTERED: April 13, 2026.**
**FOR THE COURT:**

/s/ Sue E. Myerscough
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**